IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PARTYLITE GIFTS, INC.,

    Plaintiff

vs.                                        Case No. 8:10-cv-01490-JDW-EAJ

TARIE MACMILLAN,

    Defendant.

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

Defendant, TARIE MACMILLAN ("MacMillan"), by and through her undersigned counsel, hereby files this brief in opposition to Plaintiff, ("PartyLite's") Motion for Preliminary Injunction (the "Motion") [Dkt. # 7].

**<u>Summary</u>**

The essence of PartyLite's Motion is that MacMillan, while an independent contractor for PartyLite, "solicited" a handful of her fellow independent contractors to join another company (Jewels by ParkLane) using PartyLite's confidential and proprietary information. While PartyLite makes overbroad generalizations that MacMillan has continued this "raid" since being terminated on June 25, 2010 - - there is not one specific fact set forth to support such a conclusion. PartyLite contends MacMillan used are the names and phone numbers of PartyLite's salesforce to make the alleged solicitations. PartyLite claims these names and numbers are confidential, proprietary, and trade secrets. Established case law disagrees.

**Standard**

To be entitled to a preliminary injunction, PartyLite must establish four things: (1) the likelihood that it will ultimately prevail on the merits of the claim; (2) the irreparable nature of the threatened injury if the injunction is not granted; (3) the injury outweighs the opposing parties' potential injury if relief is not granted; and (4) the injunction would not do disservice to the public interest. *Rosemarie v. Morton,* 671 F. Supp.2d 1311 (M.D. Fla. 2009). Plaintiff fails to meet the first two requirements.

**I.   PartyLite Has Not Established That It Will Prevail On the Merits**

    **A.   PartyLite has failed to factually establish that it will prevail on the merits**

PartyLite submits two declarations (Karen Conkney and Tammie King) to purportedly establish proofs that it will prevail on the merits. Ms. Conkney's declaration is filled with unsupported conclusory allegations and should not be considered by this Court. Ms. King's declaration is the only evidence of a solicitation.

PartyLite claims MacMillan has undertaken a "scheme to raid" the company of its salesforce - - yet, it submitted proof of only one actual solicitation (that of Tammie King) which allegedly occurred nearly two months ago during a lunch date. *[Dkt # 7-8].*

Karen Conkney claims that she *and other unidentified people* received emails and phone calls on June 24th that MacMillan had recruited several PartyLite independent contactors. *[Dkt. # 7-1 ¶ 41].* She claims an investigation of MacMillan's facebook page showed she had joined ParkLane – which prompted PartyLite to terminate MacMillan on

June 25th. *[Dkt. # 7-1 ¶ 46-47, Dkt. # 7-6].*  In actuality, MacMillan's facebook posting was June 29, 2010 -- four days after her termination from PartyLite. *See Exhibit 1.* This is not a non-compete case, as there is absolutely no contractual limitation upon where MacMillan can work when she is no longer associated with PartyLite.

PartyLite's claims are centered on alleged non-solicitation provisions signed by MacMillan. Aside from Ms. King, PartyLite offers no offer proofs of actual, verifiable solicitations by MacMillan. Instead, PartyLite claims MacMillan purportedly invited two PartyLite consultants to a jewelry party being hosted by someone other than MacMillan. *[Dkt #7-1 ¶¶ 41, 44-45; Dkt. # 7-5].* There is no allegation that MacMillan asked either of these folks to join Jewels by ParkLane. PartyLite claims this was improper, even though PartyLite's own agreements allow their salesforce members to affiliate with other direct sales companies for personal use and/or consumption. *[Dkt. # 7-3 and 7-4].*

Ms. King (who did not leave PartyLite) claim's MacMillan said she recruited 100 PartyLite independent contractors to join her at Jewels by ParkLane. There is not one piece of evidence to substantiate this. Presumably, if this were true, PartyLite would be able to name more than just Ms. King as persons MacMillan improperly recruited. Admittedly, PartyLite makes bald assertion of improper solicitations ( Ms. Conkney's declaration claims PartyLite "was forced" to terminate 5 contracts based on "clear information" of MacMillan's deeds and that MacMillan recruited three "high level leaders"). *{Dkt # 7-1 ¶¶ 49 and 51].* For unknown reasons, PartyLite did not expand upon its "clear information" of MacMillan's misdeeds. It also did not identify the persons allegedly recruited to allow this allegation to be confirmed or rebutted.

Accordingly, PartyLite has shown nothing more than that on one occasion, two months ago, MacMillan asked a PartyLite consultant (Tammie King) to join ParkLane – and that consultant chose not to leave PartyLite. There is absolutely no evidence that the solicitations are ongoing requiring an injunction, or that PartyLite will be able to prevail on its claims.

### B.  PartyLite has a failed to establish that its confidential information or trade secrets were misappropriated

As set forth more fully in MacMillan's Motion to Dismiss (*Dkt # 15*) there are multiple legal arguments as to why Plaintiff will not prevail on the merits. Relevant to this Motion, MacMillan principally contends the information (PartyLite consultant's names and contact information) that she is alleged to have misappropriated is neither a trade secret, nor confidential. Thus, Plaintiff is not likely to prevail on the merits of any claim for an alleged misappropriation of the names and numbers of PartyLite's sales force.

PartyLite claims that MacMillan could not have determined the contact information through any source other than confidential material maintained by PartyLite. PartyLite has not, and cannot established that the identities or contact information of its salespeople are not generally known or publicly available. Further, PartyLite has not alleged what specific measures it took to guard the alleged secrecy of the identity and contact information of its salespeople, as opposed to compilations including that and other information.

PartyLite's salesforce is not confidential. To the contrary, PartyLite's Compensation Program encourages its consultants to establish personal websites through

which their names and contact information will be made publicly available. *[Dkt. # 7-2, at page 4]*. PartyLite's salesforce does its job by putting itself in the public domain. It contradicts reason to believe that PartyLite, a company whose business model is to sell products in the homes of the public, keeps the identity and contact information of its salesforce secret.

Information available from public sources or commercially available materials is considered "readily ascertainable" and therefore does not qualify as a trade secret. *See Sethscot Collection, Inc. v. Drbul*, 669 So. 2d 1076 (Fla. 3d DCA 1996) (holding that customer list of fraternities and sororities obtained from commercially available materials was readily ascertainable); *Templeton v. Creative Loafing Tampa, Inc.*, 552 So. 2d 288 (Fla. 2d DCA 1989) (finding that information on advertiser and distribution lists not a trade secret where it could be obtained by looking at past advertisements, newspapers, and the yellow pages). *See also Shields v. Paving Stone Co.*, 796 So. 2d 1267 (Fla. 4th DCA 2001) (holding that information on customers was readily obtainable through the yellow pages and trade subscriptions and therefore not a trade secret).

Ultimately, if the information can be gathered from sources other than what is claimed to be protected, it is considered to be "readily ascertainable." *See Simplexgrinnell, L.P. v. Ghiran*, No. 2:07-cv-456-FtM-29DNF, 2008 WL 2704421 at *2 (M.D. Fla. July 9, 2008) ("[I]f defendant is simply contacting customers based on his memory, he is free to do so"); *Blackstone v. Dade City Osteopathic Clinic*, 511 So. 2d 1050 (Fla. 2d DCA 1987) (holding that patient list compiled from patients themselves, phone book, and doctor's <u>own memory</u> was not a trade secret). Similarly, the names and

contact information of PartyLite's salesforce is obtainable through the twenty first century's phone book - - the internet – and consultant's personal websites.  For these reasons,  MacMillan  contends  PartyLite will not prevail  on  the  merits.

## II.     PartyLite Has Not Established Irreparable Harm Or  Injury

PartyLite has also  not established the second  element necessary for the issuance of  a preliminary injunction.  In order to establish an irreparable harm or injury, PartyLite must show that remedies at law, such as monetary damages, are inadequate to compensate for that injury.  <u>Ebay, Inc. v. MercExchange, LLC,</u> 547 U.S. 388, 391, 126 <u>S.Ct. 1837, 164 L.Ed.2d 641 (2006)</u>.  An injury can only be considered "irreparable" for the purposes of a preliminary injunction if it cannot be "undone through monetary remedies."   <u>Cate v. Oldham,</u> 707 F.2d 1176, 1189 (11th Cir.1983); *see also* <u>Hughes Network Systems, Inc. v. InterDigital Communications Corp.,</u> 17 F.3d 691, 694 (4th Cir.1994) ("Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable.").  The Declaration of Karen Conkney filed by Plaintiff in support of its Motion, details dollar figures of sales that  may be lost if MacMillan were to complete this alleged "raid" of PartyLite's other at-will independent contractors.  *[Dkt # 7-1, ¶¶ 50-52]*.  It follows that some monetary damages can be calculated, and this militates against a finding of irrepable harm.

Conclusion

MacMillan respectfully requests that the Court deny Plaintiff's Motion for Preliminary Injunction.

/s/ *Kimberly J. Gustafson*
Kimberly J. Gustafson
Florida Bar No. 0180890
Trial Counsel
CARLTON FIELDS, P.A.
One Progress Plaza, Suite 2300
200 Central Avenue
St. Petersburg, Florida  33701
Telephone:  727-821-7000
Facsimile:  727-822-3768
Email:  kgustafson@carltonfields.com

*Attorney for Tarie MacMillan*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 11th, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Richard H. Martin, Esq.<br>AKERMAN SENTERFITT<br>Sun Trust Financial Centre, Suite 1700<br>401 E. Jackson Street<br>Tampa, FL  33602 | James Sandnes, Esq.<br>BOUNDAS, SKARZYNSKI, WALSH & BLACK, LLC<br>One Battery Park Plaza, Floor 32<br>New York, New York  10004 |

_____
Kimberly J. Gustafson